**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID ABARA,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

3:10-cv-00688-LRH-VPC

**ORDER**

    This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On November 15, 2010, petitioner filed an application for leave to proceed *in forma pauperis*. (Docket #4.) However, on November 9, 2010, this court received petitioner's $5.00 filing fee. (Docket #3.) Accordingly, the court will deny petitioner's application to proceed *in forma pauperis* as moot.

    On November 15, 2010, petitioner filed a motion for appointment of counsel (Docket #5.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion will be denied.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." *Duncan*, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. *See*, *Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In the present case, petitioner indicates in his petition that claims 1, 2, 3, 4, 5, 6, 7, 8, and 11 have not been presented to the Nevada Supreme Court. They are therefore unexhausted.

Under the AEDPA, exhaustion can be waived by the respondent. 28 U.S.C. § 2254(b)(C). The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, respondents have not waived exhaustion. In addition, Nevada provides avenues for petitioner to pursue state claims. For example, these claims can be presented in a post-conviction petition for writ of habeas corpus, in which petitioner can present his explanation for not having raised them in his earlier proceeding. Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that Nevada's corrective processes are ineffective to protect petitioner's rights.

This court will not generally consider unexhausted claims to be exhausted on the ground that the state courts will not consider the claims, i.e., the state court would find that the claims were procedurally defaulted. This is because Nevada courts may excuse procedural bars of untimely or successive filings if a petitioner shows good cause and prejudice. Nev.Rev.Stat. §§ 34.726(1), 34.810(3). Accordingly, the court finds that a Nevada state remedy is still available to petitioner and returning to state court is not futile.

The court finds grounds 1, 2, 3, 4, 5, 6, 7, 8, and 11 of the petition are unexhausted in state court. Consequently, the court finds the petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

Petitioner may wish to seek a stay and abeyance of this case under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005) to allow him to return to state court to exhaust his unexhausted claims. In *Rhines*, the Supreme Court placed some limitations upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

//

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

In view of *Rhines*, before the court determines how to handle petitioner's mixed petition, the court will grant petitioner an opportunity to move for stay and abeyance, show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.

Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims by filing with the court a sworn declaration of abandonment, signed by the petitioner, himself.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* is **DENIED** as moot.  (Docket #4.)

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED.** (Docket #5.)

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to move for stay and abeyance under *Rhines*, show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.

///
///
///
///
///
///

1    **IT IS FURTHER ORDERED** that alternatively, petitioner may advise the court of his
2 desire to abandon the unexhausted claims by filing a sworn declaration of abandonment, signed by
3 the petitioner, himself.  This declaration shall be filed within the thirty days allowed to show cause
4 for non-exhaustion.  Petitioner's complete failure to respond to this order will result in the dismissal
5 of this petition as a mixed petition.

6    DATED this 17th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE