# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID ABARA,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:10-cv-00688-LRH-VPC

**ORDER**

    This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On November 18, 2010, this court entered an order in which it found that grounds 1, 2, 3, 4, 5, 6, 7, 8, and 11 of the petition are unexhausted in state court. (ECF No. 6.) Consequently, the court found the petition in this action to be a "mixed" petition—one containing both claims exhausted in state court and claims not exhausted in state court. The court informed petitioner that the entire petition was subject to dismissal, unless petitioner elected to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

    The court, therefore, granted petitioner thirty days to move for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), show good cause for his failure to exhaust his unexhausted claims in state court, and present argument regarding the question whether or not his unexhausted claims are plainly meritless. Alternatively, the court granted petitioner thirty days to advise the court of his desire to abandon the unexhausted claims by filing a sworn declaration of abandonment, signed by the petitioner himself. Because of petitioner's failure to timely respond to the court's order, the court dismissed the petition without prejudice. (ECF No. 7.)

Petitioner now moves the court to reconsider its order dismissing this case. (ECF No. 8.) Petitioner states that he dispatched his response to the court's November 18, 2010 order on December 14, 2010, but that the response was never docketed. Based on the information provided by petitioner, it appears that he attempted to timely respond to the court's order and that external forces may have prevented the document from being filed. Accordingly, the court considers petitioner's papers addressing the exhaustion of his claims in state court, which are attached to his motion for reconsideration.

Petitioner states that he made a mistake when preparing the exhaustion statements for his petition for writ of habeas corpus. According to petitioner, although he indicated that grounds 1, 2, 3, 4, 5, 6, 7, 8, and 11 of the petition were not presented to the Nevada Supreme Court, all of these grounds were, in fact, presented in state court during his post-conviction proceedings. Given petitioner's representations, the court concludes that the petition, on its face, is not plainly meritless. Therefore, the court reopens this case and orders respondents to respond to the petition.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court's order dismissing this action (ECF No. 7) is **VACATED.**  This action is **REINSTATED.**

**IT IS FURTHER ORDERED** that the clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (ECF No. 1-1) upon the respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any statement of additional claims. Respondents shall raise all

1  potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
2  procedural default**.  Successive motions to dismiss will not be entertained.**  If an answer is filed,
3  respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
4  United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have
5  **forty-five (45) days** from the date of service of the answer to file a reply.

6  **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General
7  of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration
8  by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the
9  date that a true and correct copy of the document was mailed to the Attorney General.  The court may
10 disregard any paper that does not include a certificate of service.  After respondents appear in this action,
11 petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

13  DATED this 16th day of August, 2011.

  _____
  LARRY R. HICKS
  UNITED STATES DISTRICT JUDGE

3