1

2

3

4

5

6                              **UNITED STATES DISTRICT COURT**

7                                    **DISTRICT OF NEVADA**

8

9   DAVID ABARA,                          )
                                          )
10                Petitioner,             )        3:10-cv-00688-LRH-VPC
                                          )
11  vs.                                   )
                                          )        **ORDER**
12  JACK PALMER, *et al.*,                )
                                          )
13                Respondents.            )
    _____/

14

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

16  petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss.

17  (ECF No. 15.)[1]  Petitioner has opposed the motion (ECF No. 28), and respondents have replied.  (ECF

18  No. 29.)[2]

19  ///

20  _____

21          [1]  Concurrent with their motion to dismiss, respondents have filed a motion for leave to file
    certain exhibits *in camera* and under seal.  (ECF No. 16.)  Respondents seek to file the presentence
22  investigation report, a competency evaluation, and medical and psychiatric records pertaining to
    petitioner *in camera* and under seal because they contain confidential and sensitive information that may
23  put petitioner's safety in jeopardy.  The court grants the motion because respondents have shown
    compelling reasons to file the documents *in camera* and under seal.  *See Kamakana v. City and County
24  of Honolulu*, 447 F.3d at 1179-87.  The documents submitted for *in camera* review (ECF No. 25) will
    remain sealed.

25          [2]  Petitioner moves to strike respondents' reply to the motion to dismiss as an improper filing.
    (ECF No. 30.)  The court denies petitioner's motion.  This court authorized respondents to file an answer
26  or "other response" to the petition.  (ECF No. 11.)  In the Ninth Circuit, the filing of a motion to dismiss
    is expressly authorized by Habeas Rule 4.  Habeas Rule 4 Advisory Committee Notes, 1976 Adoption
27  and 2004 Amendments; *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989).  Pursuant to Local Rule
    7-2, after a motion is filed, the opposing party may file an opposition, and the moving party may file a
28  reply.

1  **I.     Procedural History and Background**

2          On February 2, 2006, the State of Nevada filed a second amended information in the Second

3  Judicial District Court for the State of the Nevada ("District Court") charging petitioner, David Eugene

4  Abara, with one count of obtaining and/or using the personal identification information of another, one

5  count of burglary, and being a habitual criminal.  (Exhibits to Mot. to Dismiss Ex. 26, ECF No. 19.)[3]

6  After a one-day jury trial, in which petitioner represented himself, the jury found petitioner guilty of

7  obtaining and/or using the personal identification information of another and burglary.  (*Id*. Ex. 30, Ex.

8  32.)   The District Court entered its judgment of conviction on November 8, 2006, and sentenced

9  petitioner to 96 to 240 months in prison for obtaining and/or using the personal identification

10  information of another and 48 to 120 months in prison for burglary, with the burglary sentence to be

11  served consecutively to the first sentence and any other sentence being served by petitioner.  (*Id*. Ex. 54.)

12  The District Court ordered petitioner to pay restitution of $323.84.  (*Id*.)  Petitioner appealed.  (*Id*. Ex.

13  55.) On April 4, 2007, the Nevada Supreme Court affirmed petitioner's convictions.  (*Id*. Ex. 70.)

14          On February 15, 2008, petitioner, appearing *pro se*, filed a post-conviction petition in District

15  Court.  (*Id*. Ex. 74.)  On June 27, 2008, the court appointed counsel to assist petitioner.  (*Id*. Ex. 77.)

16  Subsequently, petitioner, through counsel, filed a supplemental petition for relief.  (*Id*. Ex. 79.)  Without

17  holding an evidentiary hearing, the District Court denied post-conviction relief on May 8, 2009.  (*Id*. Ex.

18  83.) Petitioner appealed the denial to the Nevada Supreme Court.  (*Id*. Ex. 88.)  On June 9, 2010, the

19  Nevada Supreme Court affirmed the District Court's decision.  (*Id*. Ex. 95.)

20          Petitioner dispatched his federal petition for writ of habeas corpus to this court on October 27,

21  2010.   (ECF No. 12.)   Respondents move to dismiss the petition because several grounds are

22  unexhausted, conclusory, or procedurally barred.

23  **II.     Discussion**

24          A.  Federal Habeas Pleading Requirements

25          Respondents argue that several of the grounds in the petition are conclusory.   In response,

26  petitioner states that his grounds are adequately supported by the "Memorandum of Points and

27  _____

28          [3]  The exhibits referenced in this order are found in the court's record at ECF Nos. 17-23, and 25, which were filed with respondents' motion to dismiss.

Authorities" that he submitted with his state-court post-conviction petition, which he attaches as an exhibit to his federal petition.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must specify all grounds for relief and "state the facts supporting each ground." "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Adv. Comm. Notes to Rule 4 of the Rules Governing Section 2254 cases, 1976 Adoption (citations and internal quotations omitted). A district court need not "review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990). Rather, to comply with Rule 2(c), "a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." *Id.* at 334. Although a petitioner may incorporate by reference an appended supporting brief, through clear and repeated reference to the brief, the mere attachment of documents to the petition, without any clear incorporation by reference, is insufficient to incorporate the facts and legal issues of those documents into the petition. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (habeas claims contained sufficient particularity where petitioner "made clear and repeated references to an appended supporting brief"); *see Victory v. Arizona*, No. CV-09-8125-PCT-FJM, 2011 U.S. Dist. LEXIS 82587, 2011 WL 2940763, at *5 (D. Ariz. May 2, 2011) ("Had Petitioner made any effort to set out his grounds for relief, and referenced portions of the attached exhibits to provide the meat on an otherwise bare skeleton, then the court would be obligated to consider those exhibits. Petitioner did not. His original Petition made no reference to the exhibits. There was no skeleton of claims on which their meat could hang"); *see Walton v. Hill*, 652 F.Supp.2d 1148, 1170-1171 (D. Or. 2009) (although not preferable, a petition could explicitly incorporate by reference arguments set out in exhibits).

In this case, in response to respondents' argument that several of his grounds contain insufficient detail, petitioner contends that his grounds are adequately supported by the "Memorandum of Points and Authorities" that he submitted with his state-court post-conviction petition, which he attaches as an exhibit to his federal petition. Petitioner submitted the "Memorandum of Points and Authorities" as Exhibit 4 to his federal petition. In his 47-page federal petition, containing 16 grounds, petitioner failed to make *any* clear, or even passing, reference to the "Memorandum of Points and Authorities."

1  Petitioner submitted 135 pages of exhibits with his petition, including the "Memorandum of Points and
2  Authorities."  This court declines to flesh out the grounds asserted by petitioner in his federal petition
3  with a document buried within 135 pages of exhibits, especially when petitioner failed to make even a
4  single reference to the document in the body of his petition.

5       However, a party may amend its pleading at any time during a proceeding either with the
6  opposing party's written consent or with the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should
7  freely give leave when justice so requires."  *Id*.  In considering whether to grant or deny leave to amend,
8  a court may "take into consideration such factors as 'bad faith, undue delay, prejudice to the opposing
9  party, futility of the amendment, and whether the party has previously amended his pleadings.'"  *In re*
10  *Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.
11  1995)).  Here, the court determines that in the interest of justice, petitioner should be allowed to amend
12  his petition to comply with the pleading requirements for habeas corpus petitions as outlined above.
13  Petitioner has not previously amended his petition and the prejudice to respondents is minimal.
14  Accordingly, the court grants petitioner leave to file an amended petition.  Because respondents' motion
15  to dismiss is predicated on the earlier filed petition, the court denies the motion without prejudice so that
16  respondents may bring a subsequent motion to dismiss based on the amended petition, if they so choose.

17       B.  Exhaustion Through Documents Attached to Fast Track Statement

18       The court addresses one additional issue raised by the parties in their briefing on the motion to
19  dismiss that may shape the grounds petitioner chooses to raise in his amended petition.  Petitioner argues
20  that all grounds in his current petition are exhausted because his original state post-conviction petition
21  and supplemental post-conviction petition filed in the District Court were presented to the Nevada
22  Supreme Court in the appendix to his fast track statement when he appealed the District Court's denial
23  of post-conviction relief.  According to petitioner, because these documents were in the appendix, and
24  the Nevada Supreme Court accepted these documents on appeal, he fairly presented all grounds to the
25  Nevada Supreme Court.  Petitioner's argument fails for several reasons.

26       To exhaust a claim, a petitioner must have presented his federal, constitutional issue before the
27  highest available state court "within the four corners of his appellate briefing."  *Castillo v. McFadden*,
28  399 F.3d 993, 1000 (9th Cir. 2005).  The state's highest court is "not required to comb the trial court's

1  decision to discover [a] federal constitutional issue . . . ," nor is it "required to review the parties' trial

2  court pleadings to see if it [can] discover for itself a federal, constitutional issue." *Id.*

3        In this case, petitioner only presented selected arguments in his fast track statement.  Thus, only

4  those issues "within the four corners" of his appellate briefing – the fast track statement – were presented

5  to the Nevada Supreme Court.  Additionally, even if petitioner had sought to incorporate by reference

6  the arguments contained in his petition, and supplemental petition, such a practice is foreclosed by the

7  Nevada Rules of Appellate Procedure.  Under Nevada state practice, petitioner could not incorporate

8  claims from materials in the appendix into the fast track statement even if counsel had attempted to do

9  so, which she did not.  Under Rule 28(e)(2) of the Nevada Rules of Appellate Procedure, parties may

10  not incorporate briefs or memoranda filed in the state district court for argument on the merits of an

11  appeal.  Accordingly, in order to determine whether petitioner exhausted his claims, this court only looks

12  to the issues presented to the Nevada Supreme Court in the fast track statement presented on appeal from

13  the denial of post-conviction relief and the fast track statement presented on direct appeal from

14  petitioner's judgment of conviction.

15  **III.  Conclusion**

16        **IT IS THEREFORE ORDERED** that respondents' motion for leave to file exhibits *in camera*

17  and under seal (ECF No. 16) is **GRANTED**.

18        **IT IS FURTHER ORDERED** that petitioner's motion to strike (ECF No. 30) is **DENIED.**

19        **IT IS FURTHER ORDERED** that petitioner is granted leave to file an amended petition.

20  Petitioner shall submit his amended petition within **thirty (30) days** of the date of entry of this order.

21        **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 15) is **DENIED**

22  **without prejudice.**  Respondents shall have **forty-five (45) days** from the date of service of the

23  amended petition to file their answer or other response to the amended petition for writ of habeas corpus.

24        DATED this 21st day of August, 2012.

25

26

27                                  LARRY R. HICKS
                                UNITED STATES DISTRICT JUDGE

28