1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10
11

12   DAVID ABARA,                        )
                                         )
13            Petitioner,                )        3:10-cv-00688-HDM-VPC
                                         )
14   vs.                                 )
                                         )        **ORDER**
15   JACK PALMER, *et al.*,              )
                                         )
16            Respondents.               )
     _____/

17

18       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

19   by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss the first amended

20   petition.  (ECF No. 36).  Also before the Court is petitioner's motion for the appointment of counsel.

21   (ECF No. 40).

22   **I. Procedural History**

23       On February 2, 2006, the State of Nevada filed a second amended information in the Second

24   Judicial District Court for the State of the Nevada charging petitioner, with one count of obtaining

25   and/or using the personal identification information of another, one count of burglary, and being a

26

1  habitual criminal.  (Exhibit 26).[1]  After a one-day jury trial, in which petitioner represented himself,

2  with the assistance of stand-by counsel, the jury found petitioner guilty of obtaining and/or using the

3  personal identification information of another and burglary.  (Exhibits 30 & 32).  The state district

4  court entered its judgment of conviction on November 8, 2006, and sentenced petitioner to 96 to 240

5  months in prison for obtaining and/or using the personal identification information of another and 48

6  to 120 months in prison for burglary, with the burglary sentence to be served consecutively to the

7  first sentence and any other sentence being served by petitioner.  (Exhibit 54).  The District Court

8  ordered petitioner to pay restitution of $323.84.  (*Id*.).  Petitioner appealed.  (Exhibit 55).  On April

9  4, 2007, the Nevada Supreme Court affirmed petitioner's convictions.  (Exhibit 70).

10          On February 15, 2008, petitioner, appearing *pro se*, filed a post-conviction petition in the

11  state district court.  (Exhibit 74).  On June 27, 2008, the court appointed counsel to assist petitioner.

12  (Exhibit 77).  Subsequently, petitioner, through counsel, filed a supplemental petition for relief.

13  (Exhibit 79).  Without holding an evidentiary hearing, the District Court denied post-conviction

14  relief on May 8, 2009.  (Exhibit 83).  Petitioner appealed the denial to the Nevada Supreme Court.

15  (Exhibit 88).  On June 9, 2010, the Nevada Supreme Court affirmed the District Court's decision.

16  (Exhibit 95).

17          Petitioner dispatched his original federal petition for writ of habeas corpus to this Court on

18  October 27, 2010.  (ECF No. 12).  Respondents moved to dismiss the petition.  (ECF No. 15).  By

19  order filed August 22, 2012, this Court found the petition to be conclusory and granted petitioner

20  leave to file an amended petition.  (ECF No. 34).  In the same order, the Court granted respondents

21  an opportunity to file an answer or other response.  (*Id*.).  Respondents filed a motion to dismiss the

22  first amended petition.  (ECF No. 36).  Petitioner filed an opposition.  (ECF No. 42).  Respondents

23  filed a reply.  (ECF No. 43).

24  **II.  Petitioner's Motion for the Appointment of Counsel (ECF No. 40)**

25

26          [1]  The exhibits referenced in this order are found in the court's record at ECF Nos. 17-23, and 25.

2

1    Before addressing defendants' motion to dismiss, the Court notes that petitioner has filed a

2    third motion for the appointment of counsel.  (ECF No. 40).  There is no constitutional right to

3    appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551,

4    555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is

5    generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481

6    U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838

7    (1984).  By orders filed November 18, 2010, and December 27, 2011, this Court has denied

8    petitioner's motions for the appointment of counsel.  In the instant motion, petitioner presents the

9    Court with no additional factors weighing in favor of the appointment of counsel.  The petition on

10   file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring.  The

11   issues in this case are not complex.  Counsel is not justified in this instance.  Petitioner's third

12   motion for the appointment of counsel is denied.

13   **III.  Discussion**

14         **A.  Timeliness and Relation Back**

15   Respondents argue that Grounds 1 through 7 of the first amended petition do not relate back

16   to the original petition and are therefore untimely.

17   The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

18   controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of

19   federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute

20   provides:

21         (d)(1) A 1-year period of limitation shall apply to an application
         for a writ of habeas corpus by a person in custody pursuant to the
22        judgment of a State court.  The limitation period shall run from
         the latest of–

23
               (A) the date on which the judgment became final by the
24             conclusion of direct review or the expiration of the time
               for seeking such review;

25
               (B) the date on which the impediment to filing an
26             application created by State action in violation of the
               Constitution or laws of the United States is removed, if the

1  applicant was prevented from filing by such State action;

2  (C) the date on which the constitutional right asserted was
   initially recognized by the Supreme Court, if the right has
3  been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or
4
   (D) the date on which the factual predicate of the claim or
5  claims presented could have been discovered through the
   exercise of due diligence.
6
   (2) The time during which a properly filed application for State
7  post-conviction or other collateral review with respect to the
   pertinent judgment or claim is pending shall not be counted
8  toward any period of limitations under this subsection.

9
   28 U.S.C. § 2244(d).
10
            Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original
11
   pleading only if the acts described in the amended pleading are set forth in the original pleading.
12
   Fed. R. Civ. P. 15(c).  An amended habeas petition only relates back if the amended claims are tied
13
   to the "same core of operative facts" as alleged in the original petition.  *Mayle v. Felix*, 545 U.S. 644,
14
   664 (2005).  In *Mayle*, the petitioner originally raised only a Confrontation Clause claim in his
15
   habeas petition, based on the admission of video-taped prosecution witness testimony.  545 U.S. at
16
   648-49.  After the one-year AEDPA statute of limitations had passed, petitioner then sought to
17
   amend his habeas petition to allege a Fifth Amendment claim based on coercive police tactics used
18
   to obtain damaging statements from him.  *Id.*  The factual basis for each claim was distinct.
19
   Petitioner then argued that his amended claim related back to the date of his original habeas petition
20
   because the claim arose out of the same trial, conviction or sentence.  *Id.* at 659-661.  In rejecting
21
   petitioner's argument the Supreme Court held that if "claims asserted after the one-year period could
22
   be revived simply because they relate to the same trial, conviction, or sentence as a timely filed
23
   claim, AEDPA's limitation period would have slim significance."  *Id.* at 662.
24

25

26

4

1      In the instant case, petitioner filed his first amended petition on September 19, 2012[2], nearly

2  two years after the filing of the original petition and well after the expiration of the one-year AEDPA

3  statute of limitations period.  Therefore, if the amended petition is to be timely, its claims must relate

4  back to the original petition.

5      In Grounds 1 and 2 of the first amended petition, petitioner claims that the state district court

6  erred in conducting a *Faretta* hearing, and erred at sentencing.  (ECF No. 35, at pp. 3, 10).  The

7  claims in Grounds 1 and 2 of the first amended petition arise from a new and different core of

8  operative facts from the original petition.  While in his original petition, petitioner raised similar

9  claims regarding alleged state district court error, in the first amended petition, petitioner now alleges

10 ineffective assistance of direct appeal counsel for failure to fully exhaust his claims.  (ECF No. 35, at

11 pp. 7, 11).  These claims are different because they involve a different time – pre-conviction versus

12 post-conviction appeal.  And the actors involved are different – in the original petition the actor was

13 the state district court, whereas in the first amended petition, appellate counsel is alleged to have

14 erred.  Grounds 1 and 2 of the first amended petition are based upon different factual allegations

15 rendering these grounds untimely.

16     In Ground 3, petitioner alleges the evidence used at trial was the result of an improper

17 inventory, search and seizure, and *Miranda* waiver.  (ECF No. 35, at p. 14).  As with Grounds 1 and

18 2, petitioner now alleges that appellate counsel was ineffective, which addresses a factual allegation

19 occurring in a different time period and with a different actor from the allegations in the original

20 petition.  And, petitioner now challenges the *Miranda* waiver as a basis for improper search, an

21 entirely new ground that was not presented in the original petition.  This claim arises from a different

22 actor – petitioner's waiver versus police actions – than raised in the original petition.  Ground 3 does

23 not relate back to the original petition and is untimely.

24

25 _____

26     [2] The first amended petition indicates that petitioner dispatched his petition for mailing on September 19, 2012.  (ECF No. 35, at p. 1).  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

1    In Ground 4 of the first amended petition, petitioner alleges that the state district court erred

2    in permitting the State to introduce evidence of unrelated felonies at trial.  (ECF No. 35, at p. 19).  In

3    Ground 5, petitioner alleges insufficient evidence to support his convictions.  (ECF No. 35, at p. 22).

4    In Ground 6, petitioner alleges that the state district court erred in dismissing the state habeas

5    petition.  (ECF No. 35, at p. 25).  In Ground 7, petitioner alleges that his right to counsel was denied

6    when the state district court denied his motion for substitution of counsel.  (ECF No. 35, at p. 29).

7    Petitioner did not present any of these claims in the original petition.  As such, the claims do not

8    relate back to the original petition and are untimely.

9    In summary, Grounds 1 through 7 of the first amended petition do not relate back to the

10   filing of the original petition.  These seven grounds are untimely and shall be dismissed.

11   **B.  Exhaustion of Claims**

12   A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

13   exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

14   U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

15   claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.

16   838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains

17   unexhausted until the petitioner has given the highest available state court the opportunity to

18   consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

19   386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

20   A habeas petitioner must "present the state courts with the same claim he urges upon the

21   federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications

22   of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

23   *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To

24   achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims

25   under the United States Constitution" and given the opportunity to correct alleged violations of the

26   prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d

6

1    1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear

2    instruction to potential litigants: before you bring any claims to federal court, be sure that you first

3    have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*

4    *v. Lundy,* 455 U.S. 509, 520 (1982)).

5         A claim is not exhausted unless the petitioner has presented to the state court the same

6    operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*

7    *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met

8    when the petitioner presents to the federal court facts or evidence which place the claim in a

9    significantly different posture than it was in the state courts, or where different facts are presented at

10   the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

11   1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.

12   Supp. 455, 458 (D. Nev. 1984).  Where state court remedies have not been exhausted as to any of the

13   claims in the federal petition, the entire petition may be dismissed without prejudice.  *See Raspberry*

14   *v. Garcia*, 448 F.3d 1150 (9th Cir. 2006); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

15        **1. Ground 1**

16        In Ground 1 of the first amended petition, petitioner claims a violation of his Fifth, Sixth, and

17   Fourteenth Amendment rights to due process and the effective assistance of counsel when the state

18   court allowed him to represent himself at trial despite his mental health and substance abuse history.

19   (ECF No. 35, at p. 3).  On direct appeal, petitioner raised a similar claim.  (Exhibit 64, at pp. 4-7).

20   However, petitioner never alleged a Fifth Amendment violation on direct appeal in relation to this

21   claim.  (*Id.*).  Ground 1 is unexhausted because it is based on a new legal theory.  *See Gray v.*

22   *Netherland*, 518 U.S. 152, 162 (1996) (claims for relief "must include reference to a specific federal

23   constitutional guarantee, as well as a statement of the facts which entitle petition to relief.").

24   Petitioner also raises numerous new factual allegations never presented to the Nevada Supreme

25   Court.  (*Compare* Exhibit 64, at pp. 4-7 to ECF No. 35, at pp. 3-8).  These new factual allegations

26   include: that counsel began raising the issue of petitioner representing himself as soon as the state

7

district court found him competent; that the state district court judge made jokes about the representation; that petitioner had asked counsel to remove himself due to a conflict; that he attempted several discussions with counsel and got nowhere; that the State requested further inquiry to protect the record; that the State previously objected to petitioner representing himself; that counsel's statements to petitioner took place in front of Washoe County Sheriff's deputies; and that the state district court failed to inform petitioner it could appoint counsel outside the conflict group. In addition, petitioner alleges that appellate counsel was ineffective for failing to fully raise the claim in Ground 1 to the Nevada Supreme Court.  These new factual allegations and legal claims render Ground 1 unexhausted.

### 2. Ground 2

In Ground 2 of the first amended petition, petitioner alleges that the state district court abused its discretion when sentencing him to 8-20 years consecutive to 8-10 years, when he was already serving two life sentences in another case. (ECF No. 35, at p. 10).  On direct appeal, petitioner raised a similar claim. (Exhibit 64, at pp. 7-8).  However, petitioner now raises new factual allegations never presented to the Nevada Supreme Court.  Petitioner alleges that the presentence investigation report contained "suspect" evidence in the form of incorrect references to felonies. (ECF No. 35, at pp. 10-11).  These new factual allegations render Ground 2 unexhausted.  In addition, petitioner now alleges that the State deliberately overstated the number of felony convictions to prejudice petitioner; that the State was aware that the convictions were not felonies; and that the State presented arguments based upon his questionable criminal history.  (*Id.*, at p. 11). This new legal theory and factual allegation of prosecutorial misconduct was never presented to the Nevada Supreme Court.  Additionally, petitioner alleges that his appellate counsel was ineffective for failing to fully raise the issues in Ground 2 to the Nevada Supreme Court.  (*Id.*).  Because of these new factual and legal arguments, Ground 2 is unexhausted.

### 3. Ground 3

In Ground 3 of the first amended petition, petitioner claims that the evidence against him was

1   the result of an improper inventory, search and seizure, and waiver of *Miranda*.  (ECF No. 35, at p.

2   14).  On direct appeal, petitioner raised a similar legal claim.  (Exhibit 64, at pp. 8-10).  However,

3   the only factual allegations raised in the Nevada Supreme Court that petitioner now presents are the

4   allegations that the detective conducted a traffic stop of petitioner based upon on unrelated crime.

5   (ECF No. 35, at p. 14).  All other factual allegations are unexhausted.  (*Id.*, at pp. 14-17).  In

6   addition, petitioner alleges that appellate counsel was ineffective for failing to fully raise Ground 3 in

7   the Nevada Supreme Court.  (*Id.*, at pp. 15, 17).  These new factual allegations and legal claim render

8   Ground 3 unexhausted.

9           **4. Ground 4**

10        In Ground 4 of the first amended petition, petitioner alleges that the state district court erred

11   in permitting the State to introduce his prior unrelated felonies without a hearing and instruction.

12   (ECF No. 35, at p. 19).  On direct appeal, petitioner presented a similar legal claim.  (Exhibit 64, at

13   pp. 10-12).  However, in the first amended petition, petitioner fails to present any factual support for

14   the legal claim other than the bare allegation itself.  The claim is now conclusory.  Notice pleading is

15   insufficient, as a habeas petition must state facts that point to a real possibility of constitutional error.

16   Rule 4, Rules Governing § 2254 Cases (Advisory Note, 1976 Adoption); *Davis v. Woodford*, 333

17   F.3d 982, 1003 (9th Cir. 2003).  Conclusory allegations not supported by facts will not suffice.

18   *Schlette v. California*, 284 F.2d 827, 833 (9th Cir. 1960).  Unverified facts or facts merely set forth in

19   attached points and authorities are entitled no evidentiary weight.  Rule 2(c), Rules Governing

20   § 2254 Cases (Advisory Notes, 1976 Adoption).  Under these standards, Ground 4 of the first

21   amended petition is conclusory.

22        Additionally, petitioner has transformed the claim into, first, a claim of ineffective assistance

23   of appellate counsel for falsely stating the procedural history and facts to the Nevada Supreme Court.

24   (ECF No. 35, at pp. 19-20).  Petitioner never presented such an ineffective assistance of appellate

25   counsel claim to the Nevada Supreme Court.  Finally, petitioner now alleges prosecutorial

26   misconduct based on his version of what occurred, and that the State agreed to a limiting instruction

which it then ignored at trial.  (*Id.*, at pp. 19-20).  Ground 4 is unexhausted because petitioner

presents a completely different claim than he presented in the Nevada Supreme Court.

### 5. Ground 5

In Ground 5 of the first amended petition, petitioner alleges that there was insufficient

evidence to support his conviction.  (ECF No. 35, at p. 22).  Differing from what he presented to the

Nevada Supreme Court, petitioner has transformed this claim into a claim of ineffective assistance of

appellate counsel.  (ECF No. 25, at pp. 22-23).  Petitioner never presented such an appellate counsel

claim to the Nevada Supreme Court.  Further, this claim is now conclusory, as petitioner fails to state

any factual allegations to support the claim.  Rule 4; *Davis*, 333 F.3d at 1003; *Schlette*, 284 F.2d at

833.  Ground 5 is conclusory and unexhausted.

### 6. Ground 6

In Ground 6 of the first amended petition, petitioner alleges a violation of his Fifth, Sixth,

and Fourteenth Amendment rights to due process and the effective assistance of counsel because the

state district court's order dismissing the state habeas petition was an abuse of discretion.  (ECF No.

35, at p. 25).  In his appeal from the denial of his state habeas petition, petitioner raised a similar

claim.  (Exhibit 92, at p. 5).  However, petitioner never alleged a violation of the Sixth or Fourteenth

Amendments, or an ineffective assistance of counsel claim in connection with Ground 6.  Petitioner

also alleges cumulative error based on ineffective assistance of appellate counsel in connection with

Grounds 1-5 of the federal petition.  (ECF No. 35, at pp. 26-27).  Petitioner never alleged cumulative

error in connection with an effective assistance of counsel claim in the Nevada Supreme Court.

Ground 6 is unexhausted based on these new legal theories and new facts.

### 7. Ground 7

In Ground 7 of the first amended petition, petitioner claims a denial of the right to counsel

when the state district court denied his request for substitute counsel.  (ECF No. 35, at p. 29).

Petitioner alleges that appellate counsel was ineffective for failing to fully raise Ground 7 in the

Nevada Supreme Court.  (*Id.*, at p. 35).  This claim is unexhausted.

### 8. Ground 8

In Ground 8 of the first amended petition, petitioner alleges that the sentence imposed by the state district court was an abuse of discretion based upon ineffective assistance of sentencing counsel for failing to argue suspect evidence.  (ECF No. 35, at p. 34).  To the extent this claim raises the same legal issue as that contained in Ground 2, the claim is duplicative and subject to dismissal.  To the extent that petitioner alleges an independent substantive claim of an Eighth Amendment violation, he fails to raise any facts in support of such a claim, rendering Ground 8 conclusory.  Rule 4; *Davis*, 333 F.3d at 1003; *Schlette*, 284 F.2d at 833.  The only allegations raised are in support of an ineffective assistance of counsel claim.

Additionally, in the Nevada Supreme Court, petitioner never alleged that the presentence report contained errors which were relied upon at sentencing.  Rather, petitioner alleged that a review of copies of the prior convictions purportedly demonstrated suspect evidence was presented to the sentencing court, with no reference to the presentence report.  (Exhibit 92, at p. 6).  Petitioner further alleges now that trial counsel failed to object, while in the state court he alleged that counsel should have caught the errors contained in the prior convictions.  (*Id.*).  These new allegations render Ground 8 unexhausted.

### 9. Ground 9

In Ground 9 of the first amended petition, petitioner claims ineffective assistance of counsel regarding two jury instructions, alleging that one instruction was an incorrect statement of the law and one instruction contained a statement that stopped mid-sentence.  (ECF No. 35, at p. 39).

The Court agrees with respondents' contention that Ground 9 is unexhausted and conclusory.  As to the first instruction, petitioner fails to allege in what way the first jury instruction was an incorrect statement of the law, how the instruction negatively impacted the verdict, in what way the instruction lessened the State's burden, or how petitioner was prejudiced by the instruction.  As to the second instruction, petitioner fails to state how the instruction prejudiced him.  Ground 9 is unexhausted and conclusory.

1          **10.  Grounds 10 and 11**

2          In Ground 10 of the first amended petition, petitioner alleges that he was denied meaningful

3   access to resources needed to prepare and present his defense during trial.  (ECF No. 35, at p. 42).  In

4   Ground 11, petitioner alleges that the state district court erred in failing to provide a complete record

5   to the Nevada Supreme Court.  (*Id.*, at p. 35).  Petitioner never presented Grounds 10 or 11 to the

6   Nevada Supreme Court.  Both grounds are unexhausted.

7          **11.  All Grounds Unexhausted, Petition Subject to Dismissal**

8          The federal court must dismiss the petition if all claims are unexhausted.  *Coleman v.*

9   *Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas

10  petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal

11  claims."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001 ("Once Rice moved for dismissal, the

12  court was obligated to dismiss immediately as the petition contained no exhausted claims."); *accord*

13  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a

14  habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's

15  intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.").  In this case,

16  all claims in the amended petition are unexhausted, therefore dismissal of the entire amended

17  petition is warranted.

18         **C.  Procedural Bar of Ground 8**

19         Procedural default refers to the situation where a petitioner in fact presented a claim to the

20  state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

21  A federal court will not review a claim for habeas corpus relief if the decision of the state court

22  regarding that claim rested on a state law ground that is independent of the federal question and

23  adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

24         The *Coleman* Court stated the effect of a procedural default, as follows:

25                 In all cases in which a state prisoner has defaulted his federal claims in
                   state court pursuant to an independent and adequate state procedural
26                 rule, federal habeas review of the claims is barred unless the prisoner
                   can demonstrate cause for the default and actual prejudice as a result of

                                          12

> the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

　　　To demonstrate cause to excuse a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *See Murray*, 477 U.S. at 488; *see also Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) (holding that the absence or ineffective assistance of counsel in "initial-review state collateral proceedings" can, in certain circumstances, constitute cause for procedural default of a claim of ineffective assistance of trial counsel).

　　　With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

　　　In this case, the Nevada Supreme Court found petitioner's allegation that the district court erred in denying his claim that his sentence was supported only by impalpable or highly suspect evidence, and that his sentence was unreasonably disproportionate to the crimes he committed, as claims that should have been raised on direct appeal pursuant to NRS 34.810(1).  (Exhibit 95, at p. 3).  As a result, the Nevada Supreme Court did not consider this claim on the merits.  This claim was

raised in the state habeas petition, and raised in part on appeal from the denial of the state habeas petition.  (Exhibits 74, 92).  The underlying allegation that the sentence was disproportionate to the crime was raised only in part on direct appeal.  (Exhibit 64).  To the extent that petitioner goes beyond the claim presented on direct appeal, the allegation contained in Ground 8 of the first amended petition is procedurally barred.

**D.  Grounds 3, 6, and 11 Not Cognizable**

In Ground 3, petitioner alleges a Fourth Amendment violation due to an improper inventory and search and seizure.  Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986).  The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

In Ground 3, petitioner alleges a Fourth Amendment violation due to an improper inventory and search and seizure.  It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts.  *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981).  Specifically, petitioner filed a motion to suppress evidence obtained during the warrantless search of his vehicle. (Exhibit 18).  On February 2, 2006, the state district court held a hearing on the motion to suppress. (Exhibit 25).  The district court then denied the motion.  Petitioner also raised the Fourth Amendment claim on direct appeal and in the state habeas petition.  (Exhibits 64, 74).  The Fourth Amendment claim raised in the federal habeas petition was exhaustively litigated in the state court. Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that

1     he now presents in his federal habeas petition, this Court is precluded from reviewing that claim and

2     it will be dismissed.

3          In Ground 6, petitioner state district court's order dismissing the state habeas petition was an

4     abuse of discretion.  (ECF No. 35, at p. 25).  In Ground 11, petitioner alleges that the state district

5     court erred in failing to provide a complete record to the Nevada Supreme Court.  (*Id.*, at p. 35).

6     "[A] petition alleging errors in the state post-conviction review process is not addressable through

7     habeas corpus proceedings."  *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also*

8     *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).  Grounds 6 and 11 are therefore not

9     cognizable and must be dismissed.

10    **IV.  Certificate of Appealability**

11         In order to proceed with any appeal, petitioner must receive a certificate of appealability.  28

12    U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

13    (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  District

14    courts are required to rule on the certificate of appealability in the order disposing of a proceeding

15    adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for

16    certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255

17    Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

18    right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

19    473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

20    court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at

21    484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

22    issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

23    the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no

24    reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court

25    therefore denies petitioner a certificate of appealability.

26    / / / / / / / / / / /

**V.  Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's third motion for the appointment of counsel (ECF No. 40) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 36) is **GRANTED,** as follows:

Grounds 1 through 7 are **DISMISSED WITH PREJUDICE** on the basis of untimeliness.

Grounds 3, 6, and 11 are **DISMISSED WITH PREJUDICE** as non-cognizable.

Ground 8 is **DISMISSED WITH PREJUDICE** as procedurally barred.

Grounds 9 and 10 are **DISMISSED WITHOUT PREJUDICE** as unexhausted.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 16th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

16